```
                FILED
     CLERK, U.S. DISTRICT COURT
           12/9/2021
  CENTRAL DISTRICT OF CALIFORNIA
  BY:          VM          DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 2:21-CR-00564-DMG |
|---|---|
| Plaintiff, | I N F O R M A T I O N |
| v. | [18 U.S.C. § 1349: Conspiracy to Commit Wire Fraud] |
| BARRY TRACHTENBERG and JEFFREY GOODMAN, | |
| Defendants. | |

The United States Attorney charges:

[18 U.S.C. § 1349]

A.  INTRODUCTORY ALLEGATIONS

At times relevant to this Information:

1. Defendant BARRY TRACHTENBERG was a resident of Woodland Hills, California.

2. Between in or about December 2016 and in or about December 2019, defendant TRACHTENBERG exercised ownership and control over Millennium Financial Recovery Services ("MFR"), a limited liability company organized under the laws of California.

3. Defendant JEFFREY GOODMAN was defendant TRACHTENBERG's brother-in-law. Between in or about December 2016 and in or about December 2019, defendant GOODMAN was employed as a "Creditor Focus

1 Specialist" in the Tempe, Arizona, branch office of Company 1, a debt
2 settlement organization specializing in the negotiated settlement of
3 debts on behalf of clients.
4     4. When a new client enrolled with Company 1, the client
5 typically began making monthly deposits into a dedicated bank account
6 under the client's control. Company 1 then contacted the client's
7 creditors and attempted to negotiate a settlement of the client's
8 outstanding debts. As part of the onboarding process, the new client
9 provided Company 1 with personal identifying information such as the
10 client's name, address, and social security number, as well as
11 information regarding the debts owed by the client to the client's
12 various creditors.
13     5. After a Company 1 employee negotiated a settlement
14 agreement with a third-party creditor, the Company 1 employee
15 typically used an internal software program known as "the Settlement
16 Builder" to enter the terms of the proposed settlement into the
17 information systems of Company 1. Once the proposed settlement terms
18 were entered into the information systems of Company 1, and
19 subsequently approved by the client, funds were paid from the
20 client's dedicated bank account to the relevant creditor in
21 accordance with the terms outlined in the settlement agreement.
22     6. Pursuant to his position as a creditor focus specialist
23 with Company 1, defendant GOODMAN was able to access records
24 regarding the names, social security numbers, addresses, and
25 outstanding debts of Company 1's clients. Defendant GOODMAN was also
26 able to use the Company 1 Settlement Builder Software to create and
27 submit proposed settlements resolving the debts of Company 1 clients.
28

B.  OBJECT OF THE CONSPIRACY

7.  Beginning no later than in or about December 2016, and continuing through at least in or about December 2019, in Los Angeles County, within the Central District of California, and elsewhere, defendants TRACHTENBERG and GOODMAN conspired with each other and others known and unknown to the United States Attorney to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

C.  MANNER AND MEANS OF THE CONSPIRACY

8.  The object of the conspiracy was to be accomplished, in substance, as follows:

   a.  Defendant TRACHTENBERG would incorporate MFR with the California Secretary of State.  The company would outwardly appear to be a business engaged in the purchase and collection of third-party debts.

   b.  Defendant GOODMAN would access the information systems of Company 1 to obtain the personal identifying information and financial records of various clients of Company 1, including their names and social security numbers, as well as information regarding the amounts of their outstanding debts, and the various creditors holding those debts ("client information").

   c.  Defendant GOODMAN would provide the client information to defendant TRACHTENBERG via interstate wires, including text messages and emails.

   d.  After obtaining client information from defendant GOODMAN, defendant TRACHTENBERG would contact representatives of Company 1 through the use of interstate wires, including telephone calls and email communications, and falsely represent that MFR was the holder in due course of various debts owed by Company 1's clients

3

("the client debts"). Defendant TRACHTENBERG would then negotiate settlements of the client debts for a portion of the amount owed, even though MFR was not actually the holder in due course of the client debts and had no ownership interest in the client debts.

   e.  As a result of the settlements that defendant caused Company 1 to enter into with MFR, Company 1 would cause money from clients' dedicated bank accounts to be sent to MFR as purported payoffs of the clients' debts. In fact, as defendants GOODMAN and TRACHTENBERG then knew, MFR had not purchased the clients' debts.

   f.  After MFR received payments on the settlements fraudulently negotiated with Company 1 using information provided by defendant GOODMAN, defendant TRACHTENBERG would provide defendant GOODMAN with a portion of the payment either via cash payment or the purchase of precious metals in defendant GOODMAN's name and keep the remainder for himself.

  9.  In total, between in or about December 2016 and in or about December 2019, defendants GOODMAN and TRACHTENBERG submitted approximately 675 fraudulent settlement offers to Company 1, relating to debts held by approximately 673 different Company 1 clients. As a result of these fraudulent settlement offers submitted in furtherance of the conspiracy, Company 1 ultimately transferred approximately $2,229,744 in payments from accounts owned and controlled by Company 1 clients to MFR.

D.  OVERT ACTS

  10.  In furtherance of the conspiracy and to accomplish its object, on or about the following dates, defendants TRACHTENBERG and GOODMAN committed and willfully caused others to commit the following

4

overt acts, among others, in Los Angeles County, within the Central District of California, and elsewhere:

<u>Overt Act No. 1:</u>   On or about December 16, 2016, defendant TRACHTENBERG caused articles of organization to be filed with the California Secretary of State incorporating MFR in the state of California.

<u>Overt Act No. 2:</u>   On or about January 4, 2017, defendant TRACHTENBERG, using the email address trachten@millenniumfinancialrecovery.net, sent an email to a Company 1 representative regarding Company 1 client D.G. -- whose personal identifying information and financial and debt information defendant GOODMAN had provided to defendant TRACHTENBERG -- in which defendant TRACHTENBERG falsely represented that defendant TRACHTENBERG was authorized to enter into a settlement agreement to resolve D.G.'s outstanding debt to Web Bank in the amount of $3,049.60.  Attached to the email was a two-page letter, written on MFR letterhead, stating that MFR was willing to accept $1,463.80 to resolve the debt owed by D.G. to Web Bank.

<u>Overt Act No. 3:</u>   On or about January 10, 2017, defendant TRACHTENBERG opened a business checking account with US Bank in the name of MFR (the "MFR Account").

<u>Overt Act No. 4:</u>   On or about January 24, 2017, defendant TRACHTENBERG deposited a check in the amount of $1,463.80 into the MFR account.  The check was issued from the dedicated bank account held in the name of Company 1 client D.G. pursuant to the settlement negotiated by defendant TRACHTENBERG with Company 1.

<u>Overt Act No. 5:</u>   On or about May 16, 2017, defendant TRACHTENBERG, using the email address

trachten@millenniumfinancialrecovery.net, sent an email to a Company 1 representative regarding Company 1 client A.F. -- whose personal identifying information and financial and debt information defendant GOODMAN had provided to defendant TRACHTENBERG -- in which defendant TRACHTENBERG falsely represented that defendant TRACHTENBERG was authorized to enter into a settlement agreement to resolve A.F.'s outstanding debt to Citibank in the amount of $22,233.11.  Attached to the email was a one-page letter, written on MFR letterhead, stating that MFR was willing to accept $10,672 (nine payments of $1,067 and one payment of $1,069) to resolve the debt owed by A.F. to Citibank.

<u>Overt Act No. 6:</u>  On or about May 27, 2017, defendant TRACHTENBERG deposited into the MFR account a check in the amount of $1,069.  The check was issued from the dedicated bank account held in the name of Company 1 client A.F. pursuant to the settlement negotiated by defendant TRACHTENBERG with Company 1.

<u>Overt Act No. 7:</u>  On or about December 15, 2017, defendant TRACHTENBERG, using the email address trachten@millenniumfinancialrecovery.net, sent an email to a Company 1 representative regarding Company 1 client R.M. -- whose personal identifying information and financial and debt information defendant GOODMAN had provided to defendant TRACHTENBERG -- in which defendant TRACHTENBERG falsely represented that TRACHTENBERG was authorized to enter into a settlement agreement to resolve R.M.'s outstanding debt to Citibank in the amount of $4,897.39.  Attached to the email was a two-page letter, written on MFR letterhead, stating that MFR was willing to accept $2,351 (five payments of $390 and one payment of $401) to resolve the debt owed by R.M. to Citibank.

  <u>Overt Act No. 8</u>:  On or about January 2, 2018, defendant TRACHTENBERG deposited a check in the amount of $390 into the MFR account.  The check was issued from the dedicated bank account held in the name of Company 1 client R.M. as part of the settlement negotiated by defendant TRACHTENBERG with Company 1.

  <u>Overt Act No. 9</u>:  On or about August 20, 2018, defendant TRACHTENBERG, using the email address trachten@millenniumfinancialrecovery.net, sent an email to a Company 1 representative regarding Company 1 client, P.O. -- whose personal identifying information and financial and debt information defendant GOODMAN had provided to defendant TRACHTENBERG -- in which defendant TRACHTENBERG falsely represented that defendant TRACHTENBERG was authorized to enter into a settlement agreement to resolve P.O.'s outstanding debt to Synchrony Bank in the amount of $3,783.41.  Attached to the email was a four-page letter, written on MFR letterhead, stating that MFR was willing to accept $1,816 (three payments of $500 and one payment of $316) to resolve the debt owed by P.O. to Synchrony Bank.

  <u>Overt Act No. 10</u>:  On or about August 30, 2018, defendant TRACHTENBERG deposited a check in the amount of $500 into the MFR account.  The check was issued from the dedicated bank account held in the name of Company 1 client P.O. as part of the settlement negotiated by defendant TRACHTENBERG with Company 1.

  <u>Overt Act No. 11</u>:  On or about June 5, 2019, defendant TRACHTENBERG, using the email address trachten@millenniumfinancialrecovery.net, emailed defendant GOODMAN a five-page letter, written on MFR letterhead, regarding Company 1 client, G.K. -- whose personal identifying information and financial

and debt information defendant GOODMAN had provided to defendant TRACHTENBERG -- falsely claiming that G.K. could resolve an outstanding debt owed to Chase Bank N.A. in the amount of $14,893.13 by paying $7,149 (five payments of $500 and one payment of $4,649) to MFR.

Overt Act No. 12:  On or about June 5, 2019, defendant GOODMAN, acting in his capacity as an employee of Company 1, accessed the Settlement Builder software program and entered the payment terms proposed by defendant TRACHTENBERG for the resolution of the debt owed by Company 1 client G.K. to Chase Bank N.A.

Overt Act No. 13:  On or about June 21, 2019, defendant TRACHTENBERG deposited a check in the amount of $500 into the MFR account.  The check was issued from the dedicated bank account held in the name of Company 1 client G.K. as part of the settlement orchestrated by defendants GOODMAN and TRACHTENBERG.

Overt Act No. 14:  On or about August 16, 2019, defendant TRACHTENBERG, using the email address trachten@millenniumfinancialrecovery.net, emailed defendant GOODMAN a six page letter, written on MFR letterhead, regarding Company 1 client, R.Z. -- whose personal identifying information and financial and debt information defendant GOODMAN had provided to defendant TRACHTENBERG -- falsely claiming that R.Z. could resolve an outstanding debt owed to Chase Bank N.A. in the amount of $24,641.89 by paying $11,828 (two payments of $3,000 and one payment of $5,828) to MFR.

Overt Act No. 15:  On or about August 16, 2019, defendant GOODMAN, acting in his capacity as an employee of Company 1, accessed the Settlement Builder software program and created a proposed

settlement for the resolution of the debt owed by Company 1 client R.Z. to Chase Bank N.A., by entering the payment terms proposed by defendant TRACHTENBERG.

Overt Act No. 16: On or about August 30, 2019, defendant TRACHTENBERG deposited a check in the amount of $5,828 into the MFR account. The check was issued from the dedicated bank account held in the name of Company 1 client R.Z. as part of the settlement orchestrated by defendants GOODMAN and TRACHTENBERG.

Overt Act No. 17: On or about December 2, 2019, defendant GOODMAN accessed the information systems of Company 1 and retrieved information regarding Company 1 client J.M., including her name, social security number, the names of her creditors, the amount of her outstanding debts, and the account numbers associated with these debts, and sent this information to defendant TRACHTENBERG via text message.

Overt Act No. 18: On or about December 6, 2019, defendant TRACHTENBERG, using the email address trachten@millenniumfinancialrecovery.net, emailed defendant GOODMAN a four-page letter, written on MFR letterhead, claiming that Company 1 client J.M. could resolve an outstanding debt owed to Bank of America N.A. in the amount of $14,434.81 by making a single payment of $6,929 to MFR.

\\
\\

<u>Overt Act No. 19</u>:  On or about December 6, 2019, defendant GOODMAN, acting in his capacity as an employee of Company 1, accessed the Settlement Builder software program and created a proposed settlement for the resolution of the debt owed by Company 1 client J.M. to Bank of America N.A., by entering the payment terms proposed by defendant TRACHTENBERG.

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

RANEE A. KATZENSTEIN
Assistant United States Attorney
Chief, Major Frauds Section

JAMES C. HUGHES
CATHERINE S. AHN
Assistant United States Attorneys
Major Frauds Section